UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN MANUAL PEREZ LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 794 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Juan Manual Perez Lopez brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying his application for benefits. Judge Alonso referred the case to this Court for a Report and Recommendation. For the reasons set forth below, the Court recommends that the SSA's decision be reversed.

## Background

Plaintiff applied for benefits on August 20, 2013, alleging a disability onset date of November 11, 2012. (R. 84-85.) His application was initially denied on September 17, 2013, and again on reconsideration on March 25, 2014. (R. 84, 94.) Plaintiff requested a hearing, which was held by an Administrative Law Judge ("ALJ") on March 3, 2015. (R. 35-75.) On November 4, 2015, the ALJ issued a decision finding plaintiff not disabled. (R. 15-30.) The Appeals Council declined to review the decision (R. 1-3), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the SSA to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

The ALJ found that plaintiff was disabled from July 15, 2011 through July 26, 2013 from the severe impairments of degenerative disc disease of the lumbar spine and residuals from right elbow surgery in 2007. (R. 19-23.) The ALJ determined, however, that as of July 27, 2013 medical improvement occurred, and plaintiff's severe impairments did not meet or medically equal the severity of one of the listed impairments. (R. 23.) As of July 27, 2013, the ALJ found plaintiff could not perform his past relevant work (R. 28), but had the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 24.) The ALJ determined that, as of July 27, 2013 jobs existed in significant numbers in the national economy that plaintiff could perform, and thus he was not disabled. (R. 29.)

The ALJ concluded that plaintiff's hypertension was not a severe impairment, a conclusion plaintiff contests. An impairment is severe if "it . . . significantly limit[s] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). The record does not suggest that plaintiff's high blood pressure is a severe impairment. There is evidence that plaintiff had difficulty controlling his blood pressure during physical therapy sessions in May 2013. (R. 69-70, 222-25, 235.) However, there is no evidence that plaintiff's blood pressure caused him problems in any other setting or at any other time. Thus, the ALJ's conclusion that plaintiff's blood pressure is not a severe impairment by itself or in combination with his other impairments is supported by substantial evidence.

Plaintiff also argues that the ALJ erred in concluding that he does not meet listing 1.04. To do so, plaintiff must have a spine disorder "that result[s] in compromise of a nerve root . . . or the spinal cord" with "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is

3

involvement of the lower back, positive straight-leg raising test (sitting and supine)" or "[l]umbar spinal stenosis resulting in pseudoclaudication,[1] established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively." *See* Listing 1.04(A), (C), *available at* https://www.ssa.gov/disability/professionals/bluebook/1.00-Musculoskeletal-Adult.htm (last visited May 1, 2018).

An MRI of plaintiff's lumbar spine performed after July 27, 2013 (the date on which the ALJ said plaintiff's disability ended) showed: (1) "[m]inimal foraminal narrowing, *i.e.*, narrowing of the space through which the nerve roots run through the spinal column, *see* https://www.laserspineinstitute.com/back_problems/foraminal_narrowing/ (last visited May 1, 2018), at L1-2; and (2) "no significant foraminal narrowing at L2-3 and L3-4. (R. 584-85.) The record also shows that, after July 23, 2014, plaintiff had chronic low back pain on both sides, had limited range of motion and was unable to stand for long periods of time. (*See* R. 67-68, 564, 566, 576, 578-79, 601, 616.) It does not, however, show that post-July 27, 2013, plaintiff had a sensory or reflex loss and positive straight-leg raising test, as required to meet listing 1.04(A), or an inability to ambulate effectively, as required to meet listing 1.04(C).[2] Absent such evidence, the ALJ's conclusion that plaintiff did not meet the listing was sound.

Plaintiff further contends that the ALJ improperly gave more weight to the agency reviewers' opinions than to those of plaintiff's treating physicians, Drs. Citow and Yano.[3] Plaintiff does not, however, identify where in the 628-page record the treaters' opinions appear,

---

[1] Pseudoclaudication is pain that results from narrowing of the spinal canal in the lower back. *See* https://www.mayoclinic.org/diseases-conditions/spinal-stenosis/expert-answers/pseudoclaudication/faq-20057779 (last visited May 1, 2018).
[2] Plaintiff testified that he can walk a mile without stopping but has difficulty shopping, for example, because it entails periods of standing, which is more difficult for him than walking. (R. 68.)
[3] Plaintiff's claim that the ALJ simultaneously credited and rejected the agency reviewers' opinions (*see* Mem. Law Supp. Pl.'s Compl., ECF 13 at 9), is belied by the record. The ALJ rejected the reviewers' opinions with respect to the pre-July 27, 2013 period but credited them with respect to the period thereafter. (*See* R. 22, 28.)

and the Court is not required to scour the record for them. *See Herrmann v. Astrue*, No. 07 C 6914, 2010 WL 356233, at *13 (N.D. Ill. Feb. 1, 2010) ("[T]he Seventh Circuit . . . has been insistent that '[w]e will not scour a record to locate evidence supporting a party's legal argument.' *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005). It is not enough to simply rely on the evidence in the court's possession.").

Moreover, to the extent plaintiff's argument is grounded in the 2013 opinions of Dr. Citow, the record plainly refutes it. On July 26, and September 20, 2013, Dr. Citow opined that plaintiff was permanently limited to "light duty with a 30 pound lifting restriction" (R. 463) and should avoid "excessive bending" (R. 566), and the ALJ gave these opinions "controlling weight." (R. 27.) The agency reviewers, whose opinions the ALJ gave "great weight," also adopted Dr. Citow's 2013 conclusions. (*See* R. 79, 89) (giving "controlling weight" to Dr. Citow's July 2013 opinion). In short, the record does not support the notion that the ALJ impermissibly endorsed the agency reviewers' opinions over that of plaintiff's treaters.[4]

Finally, plaintiff contends that the ALJ's credibility assessment is flawed. The Court notes that, after the ALJ's decision in this case, the SSA issued new guidance for evaluating symptoms in disability claims. *See* SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). However, the SSA has indicated that it expects courts that review its decisions to do so "using the rules that were in effect at the time [the SSA] issued the decision under review." *Id.* at *13, n.27. Thus, the Court assesses the ALJ's credibility determination in accordance with the guidance that was in effect when she rendered her decision, SSR 96-7p.

---

[4] The ALJ states that Dr. Citow has supported [plaintiff's] applications for disability benefits, citing to Exhibit 8F/7. (R. 27.) But that exhibit, Dr. Citow's notes from a visit with plaintiff on August 20, 2014, does not state or suggest that Dr. Citow regarded plaintiff as disabled or supported his application for benefits. It simply states: "[Plaintiff] will continue to apply for disability and limit his [bending, twisting, and lifting of more than 30 pounds]." (R. 601.)

SSR 96-7p requires an ALJ "[to] consider whether [a claimant has] an underlying medically determinable physical or mental impairment[] . . . that could reasonably be expected to produce [his] pain or other symptoms" and if so, "[to] evaluate the intensity, persistence, and limiting effects of [those] symptoms to determine the extent to which [they] limit [the claimant's] ability to do basic work activities." SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996). An ALJ must consider the following factors when evaluating a claimant's symptoms: (1) the claimant's "daily activities"; (2) "[t]he location, duration, frequency, and intensity of [his] pain or other symptoms;" (3) "[f]actors that precipitate and aggravate the symptoms;" (4) "[t]he type, dosage, effectiveness, and side effects of any medication [he] takes or has taken to alleviate pain or other symptoms;" (5) "[t]reatment, other than medication, [he] receives or has received for relief of pain or other symptoms;" (6) "[a]ny measures other than treatment [he] uses or has used to relieve pain or other symptoms;" and (7) "[a]ny other factors concerning [his] functional limitations and restrictions due to pain or other symptoms." *Id.* at *3.

The ALJ summarized plaintiff's testimony with respect to these factors (R. 24-25) but did not indicate what portions of his testimony, if any, she credited. Instead, she recited the "meaningless boilerplate" that the Seventh Circuit has condemned. (R. 27 ("I find that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.")); *see Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (stating that this language "is not only boilerplate; it is meaningless boilerplate" that "yields no clue to what weight the trier of fact gave the testimony").

Reading the opinion as a whole sheds some light on the ALJ's symptom evaluation but does not definitively resolve the issue. It shows, for example, that the ALJ found plaintiff's

6

asserted ten-pound lifting restriction to be unsupported. (*See* R. 27.) It does not, however, reveal whether the ALJ found substantial support for plaintiff's asserted standing limitation, a critical issue given the RFC for light work. (*Compare* R. 24-25 (ostensibly crediting plaintiff's statements regarding his inability to stand), *with* R. 28 (according "great weight" to agency reviewers' opinions that plaintiff could stand and/or walk at least six hours a day)); *see* 20 C.F.R. § 404.1567(b) (including in the definition of "light work" jobs that "require[] a good deal of walking or standing"). In short, the ALJ failed to adequately explain her credibility finding, which was error. *See Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013) ("[A]n ALJ must adequately explain his credibility finding by discussing specific reasons supported by the record. . . . A failure to do so could also be grounds for reversal.")

## Conclusion

For the reasons set forth above, the Court recommends that the SSA's motion for summary judgment [20] be denied and the SSA's decision be reversed and remanded for further proceedings.

**SO ORDERED.**  **ENTERED:   June 18, 2018**

_M. David Weisman_

**M. David Weisman**
**United States Magistrate Judge**